```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

KEITH DOUGLAS OESTER,          )
                               )
          Plaintiff,           )
                               )
v.                             )    Case No. CIV-17-403-RAW-KEW
                               )
COMMISSIONER OF SOCIAL         )
SECURITY ADMINISTRATION,       )
                               )
          Defendant.           )
```

**REPORT AND RECOMMENDATION**

Plaintiff Keith Douglas Oester (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 54 years old at the time of the ALJ's decision. Claimant obtained his GED. Claimant has worked in the past as an auto mechanic, heavy equipment mechanic, pool maintenance worker and supervisor. Claimant alleges an inability to work beginning July 20, 2009 due to limitations resulting from diabetes mellitus, hypertension, and a heart condition.

**Procedural History**

On January 19, 2016, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. §1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 28, 2017, Administrative Law Judge ("ALJ") J. Dell Gordon conducted an administrative hearing in Oklahoma City, Oklahoma. On June 5, 2017, the ALJ issued an unfavorable decision. On August 30, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform a full range of light work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to recognize Claimant's borderline age; and (2) failing to properly assess Claimant's RFC.

### Consideration of Claimant's Borderline Age

In his decision, the ALJ determined "[w]hen all of the

claimant's impairments are combined, they constitute a 'severe' impairment (20 CFR 404.1520(c) and 416.920(c))." (Tr. 27). He identified Claimant's treatment for diabetes mellitus, hypertension, and cardiovascular issues. He noted that Claimant's hypertension was well-controlled on medication and blood sugars were fairly well-controlled with treatment. Claimant's reported numbness and burning sensation in his lower extremities was tolerable. He suffered from stable angina with a murmur consistent with aortic stenosis. The ALJ noted Claimant was classified as obese. Id.

The ALJ concluded that Claimant retained the RFC to perform a full range of light work, which the ALJ defined as involving

> lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. (Tr. 28).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of vegetable sorter, sales attendant, and laundry worker, all of which were found to exist in sufficient numbers in the national and regional economies.

(Tr. 31). As a result, the ALJ found Claimant was not under a disability from July 20, 2009 through the date of the decision. Id.

Claimant contends the ALJ failed to properly consider his borderline age situation. The ALJ found in his decision that Claimant was born on August 14, 1962 and was 46 years old at time of the alleged disability onset date. This classified him as a "younger individual" as he was under the age of 50. 20 C.F.R. § 404.1563(c). The ALJ then recognized that Claimant's age category subsequently changed to "closely approaching advanced age" on August 13, 2012 because he attained the age of 50 on that date. 20 C.F.R. § 404.1563(d). Claimant contends the ALJ should have considered him borderline in the category of "advanced age" since he was within approximately two months of age 55 at the time the ALJ's decision was issued on June 7, 2017. 20 C.F.R. § 404.1563(e).

Accordingly to the express language of the applicable regulation, the categorization of a claimant as having attained "advanced age" "significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older)." Id. While the Tenth Circuit has not established a bright line rule on the proximity that a claimant's age must be for consideration of the "advanced age" category, it has found that a claimant within sixty-five days of the

next age category is within a borderline situation which must be addressed by the Commissioner.  Daniels v. Apfel, 1129, 1133 (10th Cir. 1998).  Claimant is sufficiently close to the "advanced age" category at the time of the issuance of the ALJ's decision for the borderline age situation to have been considered by the ALJ.

The question of harmlessness and the relative burden of the parties to raise the borderline age issue has been raised by the Commissioner in her briefing.  Clearly, the Commissioner bears the burden of establishing the appropriate age category to be applied.  Id. at 1134.  ("placing the burden on the Commissioner of determining in the first instance what age category to apply is consistent with the Commissioner's existing burdens.").

Additionally, Claimant's advanced age in conjunction with his limited educational level, limitation to light work, skill level of his past relevant work, and lack of identifiable transferable skills may warrant the application of the Medical-Vocational Guidelines or "Grids" in determining whether Claimant is disabled.  20 C.F.R., Part 404, Subpart P, App. 2, § 202.06.  As a result, this Court cannot find that the omission of the borderline age situation analysis as outlined herein by the ALJ constituted harmless error.[2]

---

[2] The attempted curing of the defect in the analysis by the Appeals Council in its ruling has not effect upon this Court's finding.  The Appeals Council stated in its review contained in the Notice of Appeals Council Action dated August 30, 2017 that it "also considered the

On remand, the ALJ shall consider Claimant's "advanced age" in the consideration of his disability.

### RFC Determination

Claimant also contends the ALJ erroneously determined he was able to stand/walk up to six hours in an eight hour day without a sit/stand option which is contrary to the medical evidence. Claimant asserts that his cardiac murmur and carotic bruit with up to moderate aortic valve stenosis should have caused the ALJ to include a further restriction in his ability to stand and walk in order to accomplish light work. This Court is more concerned with the findings of bilateral lower extremity sensory loss also noted by Claimant in the briefing - a consistent finding in the record. (Tr. 341, 350, 406, 524, 531, 535). The ALJ acknowledged that Claimant was found to have diminished sensation in the bilateral third toes and decreased sensation in the bilateral lower extremities up to the ankle. But he found that Claimant's condition had been treated and "no gait or mobility abnormalities are documented." (Tr. 29). The ALJ also found that no restrictions in

---

borderline age situation in this case, and we found that the factors in the record do not support application of the higher age category." (Tr. 2). The Appeals Council does not explain its reasoning in sufficient detail for this Court to review. Moreover, when the Appeals Council denies review as in this case, the ALJ's decision becomes the Commissioner's final decision for review by this Court. 20 C.F.R. §§ 404.981, 416.1481. Any additional findings by the Appeals Council in an attempt to bolster the ALJ's decision are of no legal effect. See Perosi v. Astrue, 2011 WL 2414403, *2 (W.D.Okla. 2011)(unpublished).

activities have been medically recommended and Claimant was advised to engage in regular exercise.  Id.

None of the medical treatment records address an observed testing of Claimant's gait.  It is not a case where a medical professional observed Claimant and found his gait to be unaffected by Claimant's decreased sensation in the lower extremities – the findings are not in the record.  On remand, the ALJ shall determine by appropriate consultative examination whether Claimant suffers from any restrictions in his ability to stand or walk due to the decreased sensation noted repeatedly in the medical record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such

findings.

DATED this 4th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE